PROB 22
(Rev. 2/88)

# TRANSFER OF JURISDICTION

| | |
|---|---|
| DOCKET NUMBER *(Tran. Court)* | 15-cr-00317-CMA-06 |
| DOCKET NUMBER *(Rec. Court)* | |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| JUAN PEREZ | COLORADO | Denver |
| | NAME OF SENTENCING JUDGE: Christine M. Arguello | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 11/30/2016 — TO 11/29/2019 |

OFFENSE
Manufacture, Distribute, and Possess With Intent to Distribute 50 or More Marihuana Plants, a Schedule I Controlled Substance, and Aid, Abet, Counsel, Command, Induce, or Procure the Same; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____________ DISTRICT OF COLORADO

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the SOUTHERN DISTRICT OF FLORIDA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

12/1/2016
*Date*

Christine M Arguello
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

12/8/2016
*Effective Date*

*United States District Judge*
ROBERT N. SCOLA, JR.

# UNITED STATES DISTRICT COURT

District of COLORADO

UNITED STATES OF AMERICA
**V.**

JUAN PEREZ

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 15-cr-00317-CMA-06

USM Number: 41420-013

Sean Tyler McAllister, Retained
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to Count Nine of the First Superseding Indictment

☐ pleaded nolo contendere to Count(s) which was accepted by the Court.

☐ was found guilty on Count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2 | Manufacture, Distribute, and Possess With Intent to Distribute 50 or More Marihuana Plants, a Schedule I Controlled Substance, and Aid, Abet, Counsel, Command, Induce, or Procure the Same | 09/01/15 | Nine |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s)

☒ Count One of the First Superseding Indictment ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 30, 2016
Date of Imposition of Judgment

Christine M Arguello
Signature of Judge

Christine M. Arguello, U.S. District Judge
Name and Title of Judge

12/6/2016
Date

DEFENDANT: JUAN PEREZ
CASE NUMBER: 15-cr-00317-CMA-06

## PROBATION

The defendant is hereby sentenced to probation for a term of three (3) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. Except as authorized by court order, the defendant shall not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant shall not enter any marijuana dispensary or grow facility;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and
14) the defendant shall provide access to any requested financial information.

DEFENDANT: JUAN PEREZ
CASE NUMBER: 15-cr-00317-CMA-06

## SPECIAL CONDITIONS OF PROBATION

1. The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2. If the defendant has an outstanding financial obligation, he shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

3. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

4. If the defendant has an outstanding financial obligation, the probation officer may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

5. The defendant shall document all income and compensation generated or received from any source and shall provide such information to the probation officer as requested.

6. The defendant shall make payment on any fine obligation that remains unpaid at the commencement of probation. Within 60 days of the sentence imposed, the defendant shall meet with the probation officer to develop a plan for the payment of the fine, in which shall be 10 % of the defendant's gross monthly income. This plan will be based upon the defendant's income and expenses. The plan will be forwarded to the Court for review and approval.

7. The defendant shall work with the probation officer in development of a monthly budget that shall be reviewed with the probation officer quarterly.

DEFENDANT: JUAN PEREZ
CASE NUMBER: 15-cr-00317-CMA-06

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 3,000.00 | $ 0.00 |

☐ The determination of restitution is deferred until__________. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ __________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for the ☒ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JUAN PEREZ
CASE NUMBER: 15-cr-00317-CMA-06

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $__________ due immediately, balance due

☐ not later than __________, or
☐ in accordance ☐ C. ☐ D. ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal __________ (e.g., weekly, monthly, quarterly) installments of $ __________ over a period of __________ (e.g., months or years), to commence __________ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The special assessment and fine obligation are due immediately.

Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

☐ The defendant shall pay the cost of prosecution. The

☐ defendant shall pay the following Court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and Court costs.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 15-cr-00317-CMA-6

UNITED STATES OF AMERICA,

Plaintiff,

v.

6. JUAN PEREZ,

Defendant.

---

**RULE 11(c)(1)(A) PLEA AGREEMENT,**
**COOPERATION AGREEMENT AND STIPULATION OF FACTS**

---

The United States of America (the government), by and through Zachary Phillips, Assistant United States Attorney for the District of Colorado, and the defendant, Juan Perez, personally and by counsel, Sean McAllister, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I. AGREEMENT

The defendant agrees to plead guilty to Count Nine of the First Superseding Indictment, manufacture and possession with intent to distribute marijuana, charging on or about September 1, 2015, within the State and District of Colorado, Juan Perez, Rozsa Hajdu, and Victor Gonzalez-Gonzalez did knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.



COURT EXHIBIT
1

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

The defendant agrees to forfeit to the United States the following assets, subject to forfeiture, pursuant to 21 U.S.C. § 881. The assets to be forfeited specifically include: $9,000.00 in United States Currency seized from a safety deposit box; 10 assorted firearms, 1 Perazzi shotgun, and assorted marijuana grow equipment seized from 6008 Copper Gulch Road, Cotopaxi, Colorado on September 1, 2015; The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

The United States agrees not to pursue forfeiture of real property located at 6008 Copper Gulch Road, Cotopaxi, Colorado nor the proceeds from the sale of the property located at 6008 Copper Gulch Road, Cotopaxi, Colorado and a 2015 Mercedes-Benz seized from 6008 Copper Gulch Road, Cotopaxi, Colorado on September 1, 2015.

In consideration of this plea and the Court's acceptance of the plea of guilty, the government agrees to refrain from filing a request for an enhancement of sentence in this case pursuant to the provisions of Title 21 U.S.C. Section 851, if applicable. All remaining charges in the Indictment against this defendant will be dismissed at the time of sentencing.

The defendant agrees to timely file a notice of disposition, request a change of plea hearing date, and to withhold or withdraw any pretrial motions in this case.

The defendant agrees to provide truthful, complete and accurate information, and agrees to cooperate fully with the government. Deliberate falsehoods or misinformation provided during

his cooperation with the government would be grounds for rescission of this Plea Agreement as well as possible further prosecution for perjury or false statements. This cooperation will include, but is not limited to, the following:

a. The defendant agrees to be fully debriefed, and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

b. The defendant agrees to furnish to the government all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control.

c. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without notifying the government.

d. The defendant agrees to testify fully and truthfully at any proceeding in the District of Colorado or elsewhere as requested by the government.

e. The defendant agrees that he will at all times give complete, truthful and accurate information and testimony and that he will fully and truthfully disclose all information with respect to the activities of himself and others concerning all matters about which the government inquires.

f. The defendant consents to postponements of his sentencing, as requested by the government and as approved by the Court. Should the defendant be required to provide testimony at a time subsequent to his sentencing in this case and should the defendant fail, at a later date, to comply with the obligation to testify, the government could seek to re-charge him on any and all counts which were dismissed as part of this Plea Agreement.

The defendant also knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to forfeited assets. Finally, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets, and the

defendant agrees to waive any appeal for the forfeiture. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 10; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II. ELEMENTS OF THE OFFENSE(S)

The elements of the charge in Count Nine of the Indictment, which the government must prove beyond a reasonable doubt if this matter goes to trial and to which the defendant must admit if the defendant is to enter a plea of guilty, are as follows:

a. The defendant knowingly or intentionally possessed a controlled substance, to wit: marijuana;

b. The substance was in fact a controlled substance;

c. The defendant possessed the substance with the intent to distribute it;

d. The amount of the marijuana was less than 50 kilograms of a mixture or substance containing a detectable amount of marijuana.

Aiding and Abetting

a. Someone else committed the charged crime; and

b. The defendant intentionally associated himself in some way with the crime and intentionally participated in it as he would in something he wished to bring about. This means that the government must prove that the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help him.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of Title 21 U.S.C. ' 841(a)(1) and (b)(1)(D) is: not more than 5 years imprisonment; not more than $250,000 fine, or both; not less than 2 years supervised release; and $100 special assessment fee. There is no restitution.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury. If the defendant is an alien, the conviction may cause the defendant to be deported or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. §3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. §3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

*The investigation underlying the conspiracy charged in Count One of the Indictment began on or about January 1, 2014, through on or about September 1, 2015. The government's evidence at trial would include evidence of drug trafficking seized from the defendant or other defendants, testimony of investigators regarding surveillance of the defendant and other investigative findings, and the testimony of cooperating co-defendants.*

*During the course of the drug conspiracy, the defendant and other charged co-conspirators as well as uncharged co-conspirators conspired to grow marijuana in the state of Colorado in order to sell the marijuana for financial gain. The marijuana was sold in the state of Colorado as well as outside the state of Colorado in violation of Colorado state regulatory guidelines and in violation of federal law.*

*During the course of the conspiracy, the defendant was actively involved in the growing of marijuana in the state of Colorado. As part of that illegal marijuana production, the defendant and others actively conspired to sale marijuana outside the state of Colorado as well as arranged and conspired to have the drug proceeds transferred back to the defendant through financial institutions. Although the defendant sold some of the marijuana in Colorado, he also arranged for and sold marijuana to people outside the state of Colorado.*

*The facts specific to Count Nine are that on September 1, 2015, a search warrant was executed at 6008 County Road 28, Cotopaxi, County of Fremont, State of Colorado, the residence of the defendant. As a result of the search warrant, 95 marijuana plants were located and seized.*

*For purposes of relevant conduct the defendant stipulates pursuant to USSG § 1B1.3(a)(1)(B) that the total drug quantity for which he is accountable is 9.5 kilograms of marijuana. The corresponding offense level for this amount of marijuana is an offense level 12 (at least 5kilograms but less than 10 kilograms).*

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. Pursuant to section 2D1.1, the base offense level is **12** computed on more than 5 kilograms of marijuana but less than 10 kilograms of marijuana.

B. Assuming that the defendant timely filed a notice of disposition and withheld or withdrew any pretrial motions in this case, the defendant should receive a two-level downward adjustment for timely acceptance of responsibility. The resulting offense level is **10.**

C. The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the government. The criminal history category is more completely and accurately determined by the Probation Department, and additional facts regarding the criminal history can greatly affect the final guideline range. Nevertheless, the parties believe that the defendant's Criminal History Category is I.

D. The career offender/career livelihood adjustments do not apply.

E. The advisory guideline range resulting from these calculations is 6 to 12 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 6 months (bottom of Category I) to 30 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the count of conviction.

F. Pursuant to guideline § 5E1.2, assuming the estimated offense level above, the fine range for this offense would be $ 4,000 to $ 40,000, plus applicable interest and penalties.

G. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than 2 years.

H. Pursuant to guideline § 5E1.3, there is a special assessment fee of $100.

I. At the time of sentencing, subject to the defendant fulfilling the requirements of this plea agreement and not being accountable to section 3C1.1, the government will be requesting a sentence to probation.

## VII. ENTIRE AGREEMENT

The parties believe the advisory sentencing range resulting from the proposed plea agreement is appropriately calculated because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent guidelines sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 8/9/16

Juan Perez
Defendant

Date: 8/9/16

Sean McAllister
Attorney for Defendant

Date: 8/9/2016

Zachary Phillips
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00317-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. GERMAIN GARCIA,
2. YOSANDRIS ROGUE DE ESCOBAR,
3. MATEO POSADA,
4. MAYDA JAM,
5. CARLOS RODRIQUEZ-ALFONSO,
6. JUAN PEREZ,
7. ROZSA HAJDU,
8. VICTOR GONZALEZ-GONZALEZ,
9. VICTOR GARCIA,
10. JORGE GARCIA-CABELLO,
11. HECTOR ROGUE DE ESCOBAR,
12. LILIA GOMEZ,
13. ALIANET GARCIA-ROMERO,
14. WILFREDO FIGUEROA DIAZ,
15. ADALBERTO FERNANDEZ-LINARES,
16. FELIX BARBARO DONATES-BLANCO,
17. JESUS FERNANDEZ-DIAZ,
18. LUIS ARAGON,
19. MIGUEL MORENO,
20. JORGE RODRIGUEZ-LEIVA,

Defendants.

---

**FIRST SUPERSEDING INDICTMENT**
**CHARGING STATUTES**
18 U.S.C. § 2
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(vii)
21 U.S.C. § 841(b)(1)(B)(IV)(vii)
21 U.S.C. § 841(b)(1)(D)
21 U.S.C. § 846

---

**COUNT ONE**

On or about and between January 1, 2014, and September 1, 2015, both dates being approximate and inclusive, within the State and District of Colorado and elsewhere, the defendants:

GERMAIN GARCIA,
YOSANDRIS ROGUE DE ESCOBAR,
MATEO POSADA,
MAYDA JAM,
CARLOS RODRIQUEZ-ALFONSO,
JUAN PEREZ,
ROZSA HAJDU,
VICTOR GONZALEZ-GONZALEZ,
VICTOR GARCIA,
JORGE GARCIA-CABELLO,
HECTOR ROGUE DE ESCOBAR,
LILIA GOMEZ,
ALIANET GARCIA-ROMERO,
WILFREDO FIGUEROA DIAZ,
ADALBERTO FERNANDEZ-LINARES,
FELIX BARBARO DONATES-BLANCO,
JESUS FERNANDEZ-DIAZ,
LUIS ARAGON,
MIGUEL MORENO,
JORGE RODRIGUEZ-LEIVA,

and others both known and unknown to the Grand Jury, did knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846.

**COUNT TWO**

On or about and between October 16, 2014, and October 21, 2014, both dates being approximate and inclusive, within the State and District of Colorado, the defendants, GERMAIN GARCIA, MAYDA JAM, and CARLOS RODRIQUEZ-ALFONSO, did knowingly and

intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about November 3, 2014, within the State and District of Colorado, the defendants, YOSANDRIS ROGUE DE ESCOBAR and MATEO POSADA, did knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT FOUR

On or about September 1, 2015, within the State and District of Colorado, FELIX BARBARO DONATES-BLANCO, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii) and Title 18, United States Code, Section 2.

**COUNT FIVE**

On or about September 1, 2015, within the State and District of Colorado, VICTOR GARCIA, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii) and Title 18, United States Code, Section 2.

**COUNT SIX**

On or about September 1, 2015, within the State and District of Colorado, YOSANDRIS ROGUE DE ESCOBAR, WILFREDO FIGUEROA DIAZ and ADALBERTO FERNANDEZ-LINARES, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii) and Title 18, United States Code, Section 2.

**COUNT SEVEN**

On or about September 1, 2015, within the State and District of Colorado, LUIS ARAGON and MIGUEL MORENO, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii) and Title 18, United States Code, Section 2.

**COUNT EIGHT**

On or about September 1, 2015, within the State and District of Colorado, JESUS FERNANDEZ-DIAZ, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii) and Title 18, United States Code, Section 2.

**COUNT NINE**

On or about September 1, 2015, within the State and District of Colorado, JUAN PEREZ, ROZSA HAJDU, and VICTOR GONZALEZ-GONZALEZ, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

**COUNT TEN**

On or about September 1, 2015, within the State and District of Colorado, JORGE GARCIA-CABELLO, HECTOR ROGUE DE ESCOBAR, LILIA GOMEZ, and ALIANET GARCIA-ROMERO, did knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about September 1, 2015, within the State and District of Colorado, the defendant, JORGE RODRIGUEZ-LEIVA, did knowingly and intentionally manufacture, distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Eleven of this First Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

Upon conviction of the violations alleged in Counts One through Eleven of this First Superseding Indictment involving violations of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(vii) 841(b)(1)(B)(IV)(vii) and 841(b)(1)(D) the defendants; GERMAIN GARCIA, YOSANDRIS ROGUE DE ESCOBAR, MATEO POSADA, MAYDA JAM, CARLOS RODRIQUEZ-ALFONSO, JUAN PEREZ, ROZSA HAJDU, VICTOR GONZALEZ-GONZALEZ, VICTOR GARCIA, JORGE GARCIA-CABELLO, HECTOR ROGUE DE ESCOBAR, LILIA GOMEZ, ALIANET GARCIA-ROMERO, WILFREDO FIGUEROA DIAZ, ADALBERTO FERNANDEZ-LINARES, FELIX BARBARO DONATES-BLANCO, JESUS FERNANDEZ-DIAZ, LUIS ARAGON, MIGUEL MORENO, and JORGE RODRIGUEZ-LEIVA, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds

obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including, but not limited to a money judgment in the amount of proceeds obtained by the conspiracy and by the defendants.

If any of the property as a result of any act or omission of the defendants:

a) cannot be located upon the exercise of due diligence;
b) has been transferred or sold to, or deposited with, a third party;
c) has been placed beyond the jurisdiction of the Court;
d) has been substantially diminished in value; or
e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

Ink signature on file in Clerk's Office
GRAND JURY FOREPERSON

APPROVED:

JOHN F. WALSH
United States Attorney

BY: s/Zachary Phillips______________
ZACHARY PHILLIPS
Assistant United States Attorney
U.S. Attorney's Office
1225 17th Street, Suite 700
Denver, CO. 80202
Telephone: (303) 454-0118
Fax: (303) 454-0401
e-mail: Zachary.phillips@usdoj.gov
Attorney for the Government

DEFENDANT 1: GERMAIN GARCIA

YEAR OF BIRTH: 1979

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance

**COUNT TWO**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT TWO**: NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 2: YOSANDRIS ROGUE DE ESCOBAR

YEAR OF BIRTH: 1989

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: ______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT THREE**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**COUNT SIX**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT THREE:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**COUNT SIX**: NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 3: MATEO POSADA

YEAR OF BIRTH: 1990

ADDRESS:

COMPLAINT FILED? ________ YES ___X___ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT THREE**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT THREE:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 4: MAYDA JAM

YEAR OF BIRTH: 1945

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: ________________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT TWO**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT TWO:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 5: CARLOS RODRIQUEZ-ALFONSO

YEAR OF BIRTH:

ADDRESS:

COMPLAINT FILED? ________ YES ___X___ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT TWO**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D) and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT TWO:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 6: JUAN PEREZ

YEAR OF BIRTH:

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT NINE**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT NINE:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 7: ROSA HADJU

YEAR OF BIRTH:

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT NINE**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT NINE:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 8: VICTOR GONZALEZ-GONZALEZ

YEAR OF BIRTH: 1975

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846. - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance

**COUNT NINE**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT NINE:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 9: VICTOR GARCIA

YEAR OF BIRTH: 1946

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846 - did knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT FIVE**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT FIVE:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 10: JORGE GARCIA-CABELLO

YEAR OF BIRTH: 1964

ADDRESS:

COMPLAINT FILED? ________ YES ___X___ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846 - did knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT TEN**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT TEN:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 11: HECTOR ROGUE DE ESCOBAR

YEAR OF BIRTH: 1966

ADDRESS:

COMPLAINT FILED? ________ YES ___X___ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846 - did knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT TEN**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT TEN:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 12: LILIA GOMEZ

YEAR OF BIRTH: 1967

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: ________________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D) and 846 - did knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT TEN**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT TEN:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 13: ALIANET GARCIA-ROMERO

YEAR OF BIRTH: 1993

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT TEN**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 50 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**COUNT TEN:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 14: WILFREDO FIGUEROA DIAZ

YEAR OF BIRTH: 1970

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT SIX**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT SIX:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 15: ADALBERTO FERNANDEZ-LINARES,

YEAR OF BIRTH: 1964

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT SIX**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT SIX:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 16: FELIX BARBARO DONATES-BLANCO

YEAR OF BIRTH: 1972

ADDRESS:

COMPLAINT FILED? ________ YES ____X___ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT FOUR**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT FOUR:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 17: JESUS FERNANDEZ-DIAZ

YEAR OF BIRTH: 1966

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT EIGHT**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT EIGHT:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 18: LUIS ARAGON

YEAR OF BIRTH: 1960

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: ________________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 19: MIGUEL MORENO

YEAR OF BIRTH: 1963

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT SEVEN**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(IV)(vii), and Title 18, United States Code, Section 2 - knowingly and intentionally manufacture, distribute and possess with intent to distribute 100 or more marihuana plants, a schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same.

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT SEVEN:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644

DEFENDANT 20: JORGE RODRIGUEZ-LEIVA

YEAR OF BIRTH: 1963

ADDRESS:

COMPLAINT FILED? ________ YES ____X____ NO

IF YES, PROVIDE MAGISTRATE CASE NUMBER: _______________

HAS DEFENDANT BEEN ARRESTED ON COMPLAINT? ___ YES ___X___ NO

OFFENSE: **COUNT ONE**: Title 21, United States Code, Sections 841(a)(1), 841(b)(1)A)(vii) and 846 - knowingly and intentionally conspire to manufacture, distribute and possess with the intent to distribute, 1,000 or more marihuana plants, a Schedule I Controlled Substance.

**COUNT ELEVEN**: Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2 - knowingly and intentionally distribute and possess with the intent to distribute less than 50 kilograms of a mixture or substance containing a detectable amount of marihuana, a Schedule I controlled substance, and did knowingly and intentionally aid, abet, counsel, command, induce or procure the same

**NOTICE OF FORFEITURE**

LOCATION OF OFFENSE
(COUNTY/STATE): Denver County, Colorado

PENALTY: **COUNT ONE**: NLT 10 years, NMT life in prison, $10 million fine, or both; NLT 5 years of supervised release, $100 Special Assessment Fee

**COUNT ELEVEN:** NMT 5 years in prison, $250,000 fine, or both; NLT 2 years supervised release, $100 Special Assessment Fee

**Forfeiture**

AGENT: Task Force Officer Patrick Slattery, Drug Enforcement Administration

AUTHORIZED BY: Zachary Phillips, Assistant U.S. Attorney

ESTIMATED TIME OF TRIAL: More than five days

THE GOVERNMENT **will** seek detention in this case.

The statutory presumption of detention DOES apply.

OCDETF case: Yes – Mountain Grass - WC CO 644